UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVERSE BAY AREA INTERMEDIATE
SCHOOL DISTRICT, TRAVERSE CITY
AREA PUBLIC SCHOOLS,

      Plaintiffs,

v.                                                                                           Case No. 5:06-CV-139

MICHIGAN DEPARTMENT OF EDUCATION,                     HON. GORDON J. QUIST
DEPARTMENT OF LABOR AND ECONOMIC
GROWTH, STATE OFFICE OF
ADMINISTRATIVE HEARINGS AND
RULES, and S.G., on behalf of her minor
child, S.G.,

      Defendants.
_____/

## MEMORANDUM ORDER DENYING DEFENDANT S.G.'S MOTION TO STRIKE

The Court has before it Defendant S.G.'s motion to strike paragraphs 46 through 58 of Plaintiffs' First Amended Complaint as well as pages 34-36 and 41 of Exhibit A to Plaintiffs' original Complaint. Defendant contends that this material must be stricken because it pertains to settlement negotiations and is therefore inadmissible under Rule 408 of the Federal Rules of Evidence. For the reasons set forth below, the Court will deny the motion.

Rule 12(f) of the Federal Rules of Civil Procedure provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).

Motions to strike are disfavored and will only be granted when the movant "clearly show[s] that the challenged matter 'has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants.'" 2 *Moore's Federal Practice* § 12.37, at 12-95 (3d ed.).  The Sixth Circuit has stated that motions to strike should not be routinely granted:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts.  It is a drastic remedy to be resorted to only when required for the purposes of justice.  The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

*Brown & Williamson Tobacco Corp v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted).

Defendant contends that the specified allegations and exhibits should be stricken because they are inadmissible under Rule 408 of the Federal Rules of Evidence.  Rule 408(a), which relates to prohibited uses of evidence of compromise, provides:

> **(a) Prohibited uses.** – Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
> > **(1)** furnishing or offering or promising to furnish – or accepting or offering or promising to accept – a valuable consideration in compromising or attempting to compromise the claim; and
> >
> > **(2)** conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408(a).  Rule 408(b), which pertains to permitted uses of such evidence, states that the "rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a)."

"Rule 408 is intended to encourage settlement of suits by forbidding a party from pointing to her opponent's settlement offer as proof that the opponent thought he would lose." *Evans v. Troutman*, No. 85-3583, 1987 WL 37221, at *3 (6th Cir. Apr. 29, 1987). As the language of the rule makes clear, however, evidence pertaining to settlement terms or negotiations is admissible when it is offered for another purpose unrelated to the validity or amount of a claim. *See Stockman v. Oakcrest Dental Ctr., P.C.*, 480 F.3d 791, 798 (6th Cir. 2007). Such evidence has been held admissible, among other things, to show an extortionate scheme, *see Collier v. Town of Harvard*, No. Civ. A. 95-11652-DPW, 1997 WL 33781338, at *3 n.1 (D. Mass. Mar 28, 1997); to prove a change in circumstances, *see Small v. Hunt*, 152 F.R.D. 509, 511 (E.D.N.C. 1994); and in an age discrimination case to rebut the plaintiff's claim that he had a continued opportunity to remain employed by the defendant, *see Paul v. Farmland Indus., Inc.*, No. 90-0594-CV-W-1, 1993 WL 760161, at *2 (W.D. Mo. Sept. 27, 1993). More importantly, courts have recognized that, when put in issue in actions between the parties, completed settlement agreements are generally beyond the purview of Rule 408. For example, the Fourth Circuit has stated:

> While Rule 408 does bar the use of settlement negotiations *and* agreements as evidence of liability on the underlying claim (here, trademark infringement), the trial court correctly perceived that it does not bar such evidence in a contract claim on the settlement agreement itself. "If the acceptance of the compromise results in an enforceable contract, which is subsequently repudiated, the aggrieved party can obviously, in a suit on the contract, prove the offer of compromise, its acceptance, and the surrounding circumstances." 2 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 408[04] (1990).

*Home Shopping Network, Inc. v. Happy Mind, Inc.*, No. 90-2418, 1991 WL 68834, at *2 (4th Cir. May 3, 1991). *See also Catulo v. Metzner*, 834 F.2d 1075, 1079 (5th Cir. 1987) (finding the district court's exclusion of evidence relating to a settlement agreement to be reversible error where the

evidence was offered to prove the terms of the agreement itself); *Overseas Motors, Inc. v. Import Motors Ltd., Inc.*, 375 F. Supp. 499, 537 (E.D. Mich. 1974) (stating that "it would also seem reasonable to admit such evidence where the settlement negotiations are themselves subjects of the lawsuit – *i.e.*, operative facts") , *aff'd* 519 F.2d 119 (6th Cir. 1975).  Similarly, in *Central Soya Co. v. Epstein Fisheries, Inc.*, 676 F.2d 939 (7th Cir. 1982), the Seventh Circuit held that the district court erred in excluding the testimony of an accountant who was present during negotiations leading to a prior settlement where the testimony was offered to show that part of the indebtedness at issue had been forgiven in the settlement.  *See id.* at 944.  The court observed that "[t]he purpose was to demonstrate what the terms of the settlement of Aquarium Farms' claim were."  *Id.*

     As set forth in the Court's July 27, 2007, Opinion and Order, the issue in this suit under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.*, is whether State Review Officer Harkness improperly reversed the Order of Local Hearing Officer Pappas when she concluded that the parties' settlement agreement should be incorporated into the order of dismissal.  The terms of the parties' settlement agreement, and any contemporaneous documents required to determine the scope and intent of that agreement, are substantively relevant because Plaintiffs claim that Defendant S.G. waived any claim to attorney fees when she accepted Plaintiffs' offer of settlement, after it was made clear that  Plaintiffs would not pay attorney fees as part of the settlement.  There is no dispute that in filing her motion to incorporate the terms of the settlement agreement into the order of dismissal, S.G. acknowledged that she could not seek attorney fees absent such incorporation, thus indicating that the settlement agreement did not impose upon Plaintiffs any independent contractual obligation to pay fees.  The extent, if any, to which S.G.'s alleged waiver has any bearing upon the correctness of State Review Officer Harkness' decision is not apparent at this time, but that is an issue for another day.  For present purposes, it is enough to conclude, as the Court does, that Rule 408 does

not bar the admission of evidence of the parties' settlement negotiations on the issue of attorney fees because such evidence merely goes to the terms of the agreement and is not offered to prove or disprove liability or damages. Moreover, to the extent that Defendant S.G. contends that evidence pertaining to settlement discussions is protected by any settlement privilege, she has waived that privilege by placing the settlement agreement and the issue of attorney fees in issue. *See Scots Co. v. Liberty Mut. Ins. Co.*, No. 2:06-CV-899, 2007 WL 1723506, at *3 (S.D. Ohio June 11, 2007). Accordingly, because Defendant S.G. has failed to meet her burden under Rule 12(f),

**IT IS HEREBY ORDERED** that Defendant S.G.'s Motion To Strike Portions Of Plaintiffs' First Amended Complaint (docket no. 68) is **DENIED**.

Dated:  October 10, 2007                                    /s/ Gordon J. Quist
                                                                                GORDON J. QUIST
                                                                                UNITED STATES DISTRICT JUDGE