UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TRAVERSE BAY AREA INTERMEDIATE
SCHOOL DISTRICT, and TRAVERSE CITY
AREA PUBLIC SCHOOLS,

    Plaintiffs,

v.

MICHIGAN DEPARTMENT OF EDUCATION,
DEPARTMENT OF LABOR AND ECONOMIC
GROWTH, STATE OFFICE OF
ADMINISTRATIVE HEARINGS AND RULES,
and S.G., on behalf of her minor child, S.G.,

    Defendants.

Case No. 5:06-CV-139

HON. GORDON J. QUIST

_____/

## OPINION

### I. Introduction and Facts

Defendant S.G. ("S.G.") is the parent of S.G., a minor (her "daughter"). S.G.'s daughter is enrolled in Plaintiffs Traverse Bay Area Intermediate School District and Traverse City Area Public Schools (collectively, the "District") and has a primary disability of autism, which qualifies her for an Individualized Educational Plan ("IEP") pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*

On June 24, 2005, S.G. requested an administrative due process hearing regarding her daughter's existing IEP, asserting that certain medical conditions prevented her from attending school in a classroom setting.[1] The matter was set for a May 16, 2006, hearing before Local Hearing

---

[1] Michigan's due process hearing system is discussed at length in the Court's July 27, 2007, Opinion (Docket No. 63).

Officer Davida Pappas ("LHO Pappas"). On May 6, 2006, the District made a written ten-day settlement offer to S.G. under 20 U.S.C. § 1415(i)(3)(D). S.G., through counsel, accepted the District's offer on May 8, 2006. On May 9, 2006, S.G.'s counsel advised LHO Pappas of S.G.'s request to incorporate the settlement agreement into the order of dismissal for the purpose of creating prevailing party status–a requisite to a statutory award of attorneys' fees. On June 30, 2006, LHO Pappas entered an order dismissing the matter with prejudice and without incorporating the settlement agreement.

On July 25, 2006, S.G. filed for state level review of LHO Pappas' decision. Defendant State Office of Administrative Hearings and Rules assigned the appeal to State Review Officer Lauren Harkness ("SRO Harkness"). On September 29, 2006, the District filed suit against Defendants, the Michigan Department of Education, the Michigan Department of Labor and Economic Growth, the State Office of Administrative Hearings and Rules, and S.G., on behalf of her daughter, seeking declaratory, injunctive, monetary, and equitable relief on multiple grounds. Counts I and II of the District's original (and subsequently, its amended) complaint alleged breach of settlement and breach of contract against S.G.

In addition to its complaint, the District filed an *ex parte* motion for temporary restraining order ("TRO") against S.G., under Fed. R. Civ. P. 65(b). The District sought to enjoin S.G. from violating the settlement by failing to make her daughter available for the agreed-upon evaluations, assessments, and services, and sought appointment of a guardian ad litem for S.G.'s daughter. The District also requested that the Court enjoin SRO Harkness from proceeding to hear S.G.'s appeal of LHO Pappas' decision. The Court denied S.G.'s TRO motion on October 6, 2006, and S.G. filed her motion to dismiss for lack of jurisdiction on October 24, 2006. Shortly thereafter, on November 1, 2006, SRO Harkness issued her decision and order, in which she concluded that LHO Pappas

erroneously declined to incorporate the settlement agreement into the order of dismissal. Likewise, SRO Harkness determined that settlement was in the best interests of S.G.'s daughter and that the settlement agreement should be entered into the final administrative order.

On July 27, 2007, the Court entered an order which, among other things, granted S.G.'s motion to dismiss and dismissed all counts of the District's amended complaint except Count IV, which the Court limited as a claim pursuant to the IDEA for review of SRO Harkness' November 1, 2006, decision and order. On February 6, 2008, the Court entered an order granting the District's motion for summary judgment and reversing SRO Harkness' decision and order.

The Court presently has before it S.G.'s February 21, 2008, motion for reimbursement of certain attorney's fees and costs. Because S.G. is a "prevailing party" under 20 U.S.C. § 1415(i)(3)(B) on one part of the case for which she seeks reimbursement, as discussed more fully below, her motion will be granted in part.

## II. Discussion

Under the familiar "American Rule," parties to litigation are responsible for their own attorneys' fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S. Ct. 1612, 1616 (1975). Accordingly, courts generally do not award fees to prevailing parties absent explicit statutory authority. *See John T. v. Delaware County Intermediate Unit*, 318 F.3d 545, 555 (3rd Cir. 2003) (citing *Key Tronic Corp. v. United States*, 511 U.S. 809, 819, 114 S. Ct. 1960, 1967 (1994)).

The IDEA contains a fee-shifting provision that allows a parent to recover attorneys' fees in certain situations. 20 U.S.C. § 1415(i)(3)(B). Under that provision, the Court has discretion to award reasonable attorneys' fees to the parent of a child with a disability, where that parent is a "prevailing party." *Id.* In *Buckhannon Board & Care Home, Inc. v. West Virginia Department of*

*Health & Human Resources*, 532 U.S. 598, 121 S. Ct. 1835 (2001), the Supreme Court held that a "prevailing party," as that term is used in federal statutes, is one who secures a judgment on the merits or a court-ordered consent decree that alters the legal relationship of the parties. *Id.* at 604, 121 S. Ct. at 1840.

In IDEA cases, parents "may be considered 'prevailing parties' for purposes of attorneys fees 'if they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit.'" *Berger v. Medina City Sch. Dist.*, 348 F.3d 513, 526 (6th Cir. 2003) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983)). Further, "a party may be considered 'prevailing' even without obtaining a favorable judgment on all (or even the most crucial) of her claims." *Me. Sch. Admin. Dist. No. 35 v. Mr. R.*, 321 F.3d 9, 15 (1st Cir. 2003) (citing *Buckhannon*, 532 U.S. at 603, 121 S. Ct. at 1839)). Yet, a purely technical or de minimis victory cannot confer prevailing party status. *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792, 109 S. Ct. 1486, 1493-94 (1989). Relevant in this case is that the IDEA allows an award of attorneys' fees to a prevailing *party*, not merely a prevailing *plaintiff*. *See Smith v. Roher*, 954 F. Supp.359, 363 (D.D.C. 1997) (the "offensive or defensive nature of the parents' position is irrelevant" in awarding attorneys' fees under the IDEA). Finally, "Sixth Circuit case law requires that a district court award attorney fees to a prevailing party where no special circumstances militate against such an award." *Wikol ex rel. Wikol v. Birmingham Pub. Schs. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004).

S.G. claims that she is the prevailing party on two aspects litigated in this case: dismissal of Counts I and II of the District's amended complaint, and the Court's denial of the District's request for injunctive relief. S.G. prevailed on the former, but not the latter.

4

### *A. Dismissal of Counts I and II*

In its July 27, 2007, Order, the Court dismissed counts I and II of the District's amended complaint. Counts I and II claimed breach of settlement and breach of contract against S.G. for her alleged refusal to abide by the terms of the District and S.G.'s settlement agreement. Specifically, the District claimed that S.G. refused to make her daughter available for certain evaluations and refused to send her daughter to agreed upon in-school programs.

S.G. now claims that her successful defense of these two counts grants her prevailing party status under the IDEA fee-shifting provision, thus entitling her to reasonable attorneys fees on those claims. S.G. contends that dismissal of Counts I and II allowed her to retain her parental rights and successfully altered the legal relationship between her and the District.

The District emphasizes that the Court dismissed Counts I and II of the amended complaint because it found that the District failed to exhaust its administrative remedies prior to commencing suit. Thus, the Court did not rule on the merits of whether S.G. was or was not in violation of the settlement agreement. This dismissal, the District argues, was an interim decision that failed to create a material change in the parties' relationship, and, as a result, prevailing party status cannot be conferred upon S.G. under *Buckhannon*.

S.G. is a "prevailing party" within the meaning of 20 U.S.C. § 1415(i)(3)(B) because she obtained the relief that she sought: dismissal of Counts I and II for the District's failure to exhaust its administrative remedies. By successfully overcoming Counts I and II, S.G. prevailed on a significant issue in this litigation, forcing the District to pursue its breach claims at the administrative level.[2] Moreover, the fact that the Court reversed SRO Harkness' decision, a result

---

[2]This case does not present the typical prevailing plaintiff scenario in an IDEA case in which the parent seeks fees after obtaining relief under the IDEA. Rather, in the instant case, the District invoked the Court's jurisdiction under the IDEA in order to obtain relief against the parent, S.G. In a case such as this, a prevailing parent/defendant is not

5

unfavorable to S.G., has no effect on her success. That is, the District's claims in Counts I and II for breach of the settlement agreement presented different issues and were independent of the District's claim seeking review of SRO Harkness' decision. For these reasons, S.G. will be awarded reasonable attorneys' fees under the IDEA's fee-shifting provision for dismissal of Counts I and II.

### B. Denial of Injunctive Relief

S.G. claims that she should be awarded attorneys' fees as a prevailing party based upon the Court's denial of injunctive relief. S.G. reasons that, were a TRO or Preliminary Injunction issued, her parental rights would have been dramatically affected. In particular, she would have lost her ability to follow the treatment plan set forth by her daughter's physicians, and she would have been required to place her daughter in the hands of a guardian ad litem.

The District, similar to its previous argument, argues that the Court's denial of injunctive relief amounted to an interim decision only–not a decision on the merits that would justify an award of attorneys' fees.

As discussed above, purely technical or de minimis victories are insufficient to confer prevailing party status. *Tex. State Teachers Ass'n*, 489 U.S. at 792, 109 S. Ct. at 1493-94. The Court denied the District's TRO motion *without a response from S.G.* Further, S.G. concedes that both medical and educational evaluations were completed in early 2007. (S.G. Br. at 7, n.3.) In addition, the Court never ruled on whether S.G. should be ordered to send her daughter to in-school educational programs or whether a guardian ad litem should be appointed in this case. The District's requests in this regard were eventually rendered moot upon the Court's dismissal of Counts I and

---

strictly required by *Buckhannon* to show that she obtained some of the relief she sought. Rather, "[a]s applied to prevailing-defendant cases, *Buckhannon* requires only that the judgment or consent decree be entered in the defendant's favor, not that the defendant be accorded some 'relief' it had sought." *Mr. L. v. Sloan*, 449 F.3d 405, 407 n.1 (2d Cir. 2006).

II.[3]  Finally, the Court's order denying the District's request for a TRO was premised, in large part, upon the Court's refusal to enjoin SRO Harkness from completing her review in the administrative appeals process.  Ultimately, the District prevailed on this issue.  In sum, any victories that S.G. received as a result of the District's failure to obtain injunctive relief were precisely the type of de minimis victories that fail to justify an award of attorneys' fees.

### C.  Reasonable Attorneys' Fees

The IDEA provides that attorneys' fees awarded to a parent must be "reasonable." 20 U.S.C. § 1415(i)(3)(B).  The baseline for this calculation (often referred to as the "lodestar" figure), is obtained by multiplying the number of hours reasonably expended on the case by a reasonable hourly rate.  *Hensley*, 461 U.S. at 433, 103 S. Ct. at 1939.  Hours that are duplicative, excessive, or otherwise unnecessary should be excluded from the initial fee calculation.  *Hensley*, 461 U.S. at 434, 103 S. Ct. at 1939-40.  The party seeking an award of fees bears the burden of proving that the request is reasonable.  *See Perry v. Keulian*, No. Civ. A. 96-1374, 1997 WL459971 at *1 (E.D. Pa. July 25, 1997) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990)).  After determining the lodestar figure, a court should determine whether the fee should be adjusted in light of the results obtained.  *Hensley*, 461 U.S. at 434, 103 S. Ct. at 1940.

Mr. Brower claims that he is owed $16,529.70 for work on Counts I and II and the District's TRO motion. (S.G.'s Br. in Support at 17.)  Dividing that total by his requested hourly rate of $225, approximately 73.5 hours were spent on both issues.  Mr. Brower, by his estimation, claims that approximately 60% of that time was spent on Counts I and II and 40% on the District's TRO

---

[3]The parties voluntarily reached certain agreements regarding the medical evaluations for the minor.  While the Court did enter various orders approving the parties' stipulations regarding the medical evaluations, the Court was not involved in those discussions and it finds no reason to determine that the stipulations have any significant bearing upon either party's status as a prevailing party.

motion. *Id.* Thus, approximately 44.1 hours were spent on Counts I and II alone. After reviewing the Billing Statements attached to S.G.'s Brief in depth, the Court finds that 44.1 hours is a reasonable allocation for Mr. Brower's work on Counts I and II.

The IDEA provides that fee awards "shall be based on rate prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). The Supreme Court has held that the rates to be used in calculating the lodestar are those rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 & n.11, 104 S. Ct. 1541, 1547 & n.11 (1984). The reasonable hourly rate in the community may be established through proof of rates charged in the community under similar circumstances as well as opinion evidence of reasonable rates. *See United States ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 6:04-CV-93-ORL-19DABC, 2007 WL1601747, at *3 (M.D. Fla. June 1, 2007). In addition, a court may determine a reasonable rate based upon its own expertise and judgment. *Id.* at *6.

In support of his request for a rate of $225.00 per hour, Mr. Brower offers his own affidavit, which emphasizes the limited number of private attorneys who regularly represent parents of students with disabilities in IDEA proceedings. (Brower Aff., S.G.'s Br. in Support Ex. B at 2.) He also asserts that his rates are in line with those of similarly experienced attorneys performing similar work. (*Id.* at 3.) In further support, Mr. Brower offers the affidavit of Christine Piatkowski, an attorney whose practice includes education law. (Piatkowski Aff., S.G.'s Br. in Support Ex. C.) Her affidavit affirms that Mr. Brower's rates are consistent with the prevailing rates of similarly skilled attorneys in his field.

The District does not take issue with the reasonableness of S.G.'s counsel's hourly rate, aside from noting that Jeffrey Butler, counsel fo the District, charged lower rates than Mr. Brower for

representation in this matter. (Pls.' Resp. in Opp. at 20.) Taking into consideration the affidavits submitted by Mr. Brower, the apparent lack of dispute between the parties and this Court's experience with other fee requests and hourly rates in the Grand Rapids area, the Court finds the hourly rate sought by Mr. Brower is reasonable.

Based on the above, the lodestar amount is $9,922.50 (44.1 hours x $225.00 per hour). The Court declines to make discretionary adjustments to that amount.

### III. Conclusion

For the reasons set forth above, Defendant S.G.'s motion for reimbursement of certain attorney's fees and costs (Docket No. 118) will be granted as to dismissal of Counts I and II of the District's amended complaint. Furthermore, Defendant S.G. will be awarded $9,922.50 in attorneys' fees.

A separate order will issue.


Dated: June 11, 2008                              /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE